RECEIVED
IN LAKE CHARLES, LA
JUN 2 5 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SOUTHWEST LOUISIANA CONVENTION & VISITORS BUREAU | : | DOCKET NO. 2:06 CV 2006 |
| VERSUS | : | JUDGE TRIMBLE |
| EMPLOYERS MUTUAL CASUALTY COMPANY | : | MAGISTRATE JUDGE WILSON |

### REPORT AND RECOMMENDATION

Southwest Louisiana Convention & Visitors Bureau (CVB) originally filed this suit in the 14th Judicial District Court for Calcasieu Parish, Louisiana. Plaintiff is claiming that its property insurer, Employers Mutual Casualty Company (Employers), failed to pay benefits due under its policy, and is seeking sums due under the policy along with damages, penalties and attorney fees. (Doc. 1). Employers removed the case to this court based on diversity jurisdiction alleging that Plaintiff is a citizen of Louisiana and that Defendant is a citizen of Iowa. (Doc. 3). CVB has filed the motion to remand that is presently before the court. (Doc. 13). Plaintiff contends that this court lacks jurisdiction in that it is agency that it is the *alter ego* or arm of the State of Louisiana and, therefore, not a citizen for the purposes of diversity jurisdiction.

Original jurisdiction is a prerequisite to removal. 28 U.S.C. § 1441(a). Defendant contends that this court has original diversity jurisdiction under 28 U.S.C. § 1332. This requires that the parties be "citizens of different States." "[A] State is not a 'citizen' for purposes of the diversity jurisdiction." *Moor v. County of Alameda*, 93 S.Ct. 1785, 1800 (1973). However, "a political subdivision of a State, unless it is simply 'the arm or *alter ego* of the State,' is a citizen

of the State for diversity purposes." *Id.* Unless CVB is simply an arm of or the alter ego of the state of Louisiana, this court has jurisdiction.

The analysis of whether a political body is a citizen for purposes of diversity jurisdiction is the same as the analysis used to determine if a political body enjoys 11th Amendment immunity. *Tradigrain v. Mississippi State Port Authority*, 701 F.2d 1131, 1132 (5th Cir. 1983). The ultimate question is whether the "state is the real party in interest" in the lawsuit nominally brought in the name of the political entity. *Id.* at 1133. In answering this question the court should look to the state's constitutional, statutory and decisional law and consider:

1. the treatment of entity by the state statutes and state courts;

2. the source of the entity's funding;

3. The extent of the entity's local autonomy;

4. Whether the entity is concerned primarily with local, as opposed to statewide, problems;

5. whether the entity has the express authority to sue and be sued in its own name;

6. whether the entity has the right to hold and use property;

*PYCA Industries v. Harrison County Waste Mngmt.*, 81 F.3d 1412, 1416 (%th Cir. 1996).

Consideration of these factors has led this court to conclude that CVB is a citizen for purposes of diversity jurisdiction. CVB was established by LSA-R.S. 33:4574(B). It provides that CVB is "a body politic and corporate and a political subdivision of the state of Louisiana." LSA-R.S. 33:4574(I) provides that the CVB shall be construed to be a political subdivision of the state. LSA-R.S. 33:4574.3 provides that it is intended that CVB and other tourist commissions

be "political subdivisions of the state, separate and independent of the local political subdivision in which they operate, and to grant directly to such political subdivisions the power of taxation." By definition a "political subdivision" is not a "state agency." LSA-R.S. 13:5102(B). As previously noted the Supreme Court has made it clear that a political subdivision of a state is a citizen unless it is simply the alter ego or arm of the state. *Moor v. County of Alameda, supra.* The classification of CVB as a "political subdivision" weighs in favor of it being considered a citizen. *Vogt v. Board of Com'rs of Orleans Levee Dist.*, 294 F.3d 684, 692 (5th Cir. 2002).

LSA-R.S. 13:5106 provides that "[n]o suit against . . . a . . . political subdivision shall be instituted in any court other than a Louisiana state court." Plaintiff argues that this is an assertion of 11th Amendment immunity on behalf of all political subdivisions, including CVB, which indicates that the legislature believed CVB to be an arm of the state. It appears likely that the legislature was simply confirming that the state was not waiving its 11th Amendment immunity despite the fact that is had waived its sovereign immunity in tort and contract rather than asserting that all political subdivisions were arms of the state. *See* Art. 12, § 10 of the Louisiana Constitution of 1974. However, to the extent R.S. 13:5106 represents a legislative expression that all political subdivisions are arms of the state this consideration is greatly outweighed by other factors.

The source of CVB's funding is the most significant factor in the analysis *Vogt, supra* at 693. The actual inquiry focuses on the state's liability for judgments against CVB, and the state's liability for CVB's general debts and obligations. *Id.* The state is neither liable for judgments against CVB nor liable for CVB's general debts and obligations. *Id; see also* Doc. 22, Exh. B. The governing authority for Calcasieu Parish is authorized to levy and collect a tax upon the

3

occupancy of hotel rooms, motel rooms, and overnight camping facilities within the parish in order to generate funds for the operation of CVB. LSA-R.S. 33:4574.1(K) & LSA-R.S. 33:4574.11. CVB is authorized to levy and collect a tax, not exceeding 4%, upon the occupancy of hotel rooms, motel rooms, and overnight camping facilities within Calcasieu Parish. LSA-R.S. 33:4574.1.1. It is also entitled to succeed to any right to receive state sales tax on hotel/motel rooms it was entitled to as of the effective date of LSA-R.S. 33:4574(B).[1] LSA-R.S. 33:4574.3(B)(4). It has authority to borrow money.[2] LSA-R.S. 33:4574.2(B). The ability to raise funds through taxing authority and borrowing weighs against CVB being an arm of the state. *See Perez v. Region 20 Educ. Service Center*, 307 F.3d 319, 329 (5th Cir. 2002); *see also Port Authority Trans-Hudson Corp. v. Feeney*, 110 S.Ct. 1868, 1877 (1990) ("... when a State creates subdivisions and imbues them with a significant measure of autonomy, such as the ability to levy taxes, issue bonds, or own land in their own name, these subdivisions are too separate from the State to be considered it 'arms.'").

CVB is governed by a board of directors appointed by the governing authority of Calcasieu Parish. LSA-R.S. 33:4574(F). All directors are from Calcasieu Parish. (Doc. 22, Exh. B). It submits its annual budget to the governing authority of Calcasieu Parish for approval. LSA-R.S. 33:4574.2(A). CVB's books are audited annually with a report being made to the

---

[1] A 2005 financial report indicates that slightly over $1.96 million in 2005 revenue was derived from the occupancy tax. $136,014 was received in state grants. $20,000 was received by way of a grant from the city of Lake Charles. (Doc. 22, Exh. C, p.8). It is not clear what restrictions apply to the use of the state funds.

[2] Plaintiff argues that it can borrow money only with approval of the bond commission citing LSA-R.S. 33:4575.5. This provision applies to the East St. Tammany Events Center District, not to CVB. In any event, it is conceded that the state is not liable for CVB's debt. *See Vogt v. Board of Com'rs of Orleans Levee Distr*, 294 F.3d at 694.

governing authority of Calcasieu Parish. LSA-R.S. 33:4574.2(C). CVB is able to enter into its own contracts as evidenced by the contract of insurance at issue here. It is able to hire employees. LSA-R.S. 33:4574(J); *see also* Doc. 22, Exhs. B & C. It is able to engage its own counsel. In general, CVB is authorized to "do all things necessary for the promotion and the advertisement and publication of information relating to tourist attractions" within Calcasieu Parish. LSA-R.S. 33:4574(H). It concedes that it is not subject to executive oversight. Memorandum in Support, p. 11.

CVB's stated purpose is the promotion of tourism within Calcasieu Parish. LSA-R.S. 33:4574(E). CVB argues that it performs an essential government function which has a statewide effect of increasing profits and income taxes from tourism in the state. Memorandum in Support, p. 12. While this may be true CVB's primary concern is tourism within Calcasieu Parish. *See Vogt, supra* at 695-96. CVB is specifically granted the right to sue and be sued. LSA-R.S. 33:4574(H). It also owns property in its own name such as the building involved in this litigation. (Doc. 22, Exh. C, p.12).

It is clear that the state of Louisiana is not the real party in interest in this litigation. CVB is a citizen of Louisiana and there is original jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, the motion to remand should be denied.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10)**

BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 25th day of June, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE