
RECEIVED
IN LAKE CHARLES, LA


APR - 4 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SOUTHWEST LOUISIANA CONVENTION & VISITORS BUREAU | : | DOCKET NO. 2:06-cv-2006 |
| VERSUS | : | JUDGE TRIMBLE |
| EMPLOYERS MUTUAL CASUALTY COMPANY | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING AND ORDER

The Court previously issued a ruling on plaintiff's Motion to Compel [doc. 35], denying in part and granting in part plaintiff's request. As a result of that ruling, defendant Employers Mutual Casualty Company (EMC) submitted several documents for in-camera review, contending that the documents were privileged, subject to the work-product doctrine, or both.

### DOCUMENTS SUBMITTED

EMC submitted approximately 20 pages of documents along with a Privilege Log that groups the documents into four exhibits (Exhibits A through D). The Privilege Log describes the contents of each exhibit. However, the items described in the Privilege Log do not precisely correspond with the documents submitted—a portion of one document does not match the listing and one additional document not otherwise described has been submitted for review. The Privilege Log lists:

> Exhibit A, consisting of EMC documents numbers 0012 and 0013. EMC objects on the basis of the work-product doctrine, asserting that the documents were "made in anticipation of litigation."

> Exhibit B, consisting of EMC documents 0023-0025. EMC asserts that these documents were produced to plaintiff on October 25, 2007.

Exhibit C, consisting of EMC documents 0036-0038. EMC objects on the basis of the work-product doctrine, as above.

Exhibit D, consisting of EMC documents 0001-0011. EMC contends that these documents are subject to attorney-client privilege.

Not listed but also included is EMC document 0245, which appears to be a screenshot from a computer database that lists a reserve amount relevant to plaintiff's policy or claim.

## STANDARD OF LAW

Because the work product doctrine is "arguably procedural" and because Federal Rule of Civil Procedure 26(b)(3) is directly on point, the federal work product doctrine and case law apply. *See Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

In order to qualify for protection under the work product doctrine, the material in question must: (1) be a document or tangible thing, (2) which was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for its representative. FED.R.CIV.P. 26(b)(3); *see also* 8 Wright and Miller, *Federal Practice and Procedure* : Civil § 2024 (1970). Rule 26(b)(3) expressly extends protection to materials prepared by or for a representative of a party, including his agent. *See* Advisory Committee Note to Rule 26(b)(3), 48 F.R.D. 497, 502 (1970). The protection conferred by the doctrine is a qualified immunity because the party seeking the material may yet obtain work product upon a showing that he has "substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." FED.R.CIV.P. 26(b)(3). Thus, there are two prongs to the work product analysis: the "in anticipation of litigation" prong, and the "hardship" prong.

The attorney-client privilege relates to communications made to a member of the bar or

2

subordinate, in confidence, for the purpose of securing legal advice, assistance, or representation. *In re Grand Jury Proceedings*, 517 F.2d 666, 670 (5th Cir. 1975). The privilege is based upon two related premises: (1) that an attorney needs to know all that "relates to the client's reasons for seeking representation if the professional mission is to be carried out"; and (2) that privilege is necessary "to encourage clients to make full disclosure to their attorneys." *Upjohn Corp. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). Generally, courts construe the privilege narrowly, because although its purpose is to "encourage frank and full communication between attorneys and their clients and thereby promote broader public interest in the observance of the law and administration of justice," *Id.* at 389, assertion of privileges inhibits the search for truth. The burden of proof regarding a privilege's applicability rests on the party invoking it. *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719 (5th Cir. 1985). Once the privilege has been established, the burden shifts to the other party to prove any applicable exceptions. *Id.*

## ANALYSIS

Exhibit A (which includes two separate single-page documents: EMC 0012 and 0013).

EMC 0012 is an "Interoffice Memorandum" on EMC letterhead. EMC claims that the memo is work in anticipation of litigation.. Because the document is (1) a writing; (2) prepared in anticipation of litigation; and 3) by a party, the Court finds that it is protected from discovery unless SLCVB has substantial need and faces undue hardship. The Court reads nothing in this document to suggest SLCVB will be prejudiced by the failure to produce, nor is there anything in the record to suggest substantial need for the information.

The companion document, EMC 0013, is a single-page compilation of e-mails from Chuck Herrold. The Court observes that the summary page for Exhibit A describes document EMC 0013

3

and lists five e-mails but only four have been compiled onto the page submitted for review. However, two of the five listings are redundant and exactly alike in all particulars. Consequently, the Court is persuaded that a single message was inadvertently listed twice on the summary page.

Defendant contends that all four messages are protected by the work-product doctrine. After review, the Court finds that this listing of e-mails is protected by the work-product doctrine and need not be disclosed.

Exhibit B.

Whether these documents should be disclosed is a moot point, assuming the accuracy of EMC's assertion that they have already been provided to plaintiff.

Exhibit C.

Documents EMC 0036-0038 are communications from the adjuster to EMC. These documents were generated after the plaintiff filed the lawsuit and, although prepared by a third-party adjuster, the adjuster was acting at the behest of EMC. Thus, the Court finds that these documents are protected by the work-product doctrine.

Exhibit D.

Documents EMC 001-0011 constitute a single communication from EMC to attorney Brian Homza. There have been no allegations contradicting defendant's assertion of confidentiality. Therefore, the Court finds that these documents are privileged.

Document Marked EMC 0245.

This document, a printout of a computer screen, appears to list reserve information for SLCVB's policy. Because the Privilege Log made no mention of this document, the Court contacted defendant's counsel and requested clarification. Mr. Homza faxed a brief letter asserting attorney-

client privilege as to the contents of EMC 0245. Notwithstanding counsel's argument, the screenshot submitted, standing alone, bears no hallmarks of being a communication from EMC to counsel but rather appears to be an in-house summary of data. Without more, the Court finds that defendant has failed to carry its burden to demonstrate that the document is (1) confidential; (2) a communication between EMC and counsel; and (3) for the purpose of securing legal advice. Therefore, the Court will order it disclosed pursuant to this Court's prior ruling ordering discovery of reserve information up to October 31, 2007, the date of that order.

In light of the foregoing,

THE COURT RULES that documents EMC 0012 and EMC 0013 (Exhibit A) are protected by the work-product doctrine and need not be disclosed.

THE COURT ALSO RULES that documents EMC 0036 through EMC 0038 (Exhibit C) are protected work-product and need not be disclosed.

THE COURT ALSO RULES that documents EMC 001 through EMC 0011 (Exhibit D) are subject to attorney-client privilege and need not be disclosed.

IT IS ORDERED that copies of documents EMC 0023 through EMC 0025, having already been disclosed, (Exhibit B) be delivered to counsel for the defendant upon request.

IT IS FURTHER ORDERED that a copy of document EMC 0245 be delivered to counsel for the defendant.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 4th day of April, 2008.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

5