U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

SEP 24 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SOUTHWEST LOUISIANA CONVENTION & VISITORS BUREAU V. EMPLOYERS MUTUAL CASUALTY CO. | : | DOCKET NO. 06-2006 |
| VS. | : | JUDGE TRIMBLE |
| EMPLOYERS MUTUAL CASUALTY CO. | : | MAGISTRATE JUDGE KAY |

## ORDER

Before the Court is "Defendant's Motion in Limine" (doc. #94) wherein Employers Mutual Casualty Co. ("EMC") moves to have this Court issue an order precluding Mary Nell Rion, Jim Henry, Jeff Kudla and a Representative of Service Glass & Door, Inc., from offering expert opinions at the trial of this matter. EMC further moves to exclude the testimony of Southwest Louisiana Convention & Visitors Bureau's ( the "Tourist Bureau") contractor, Buddy Fontenot because his proposed testimony allegedly does not satisfy the requirements of Federal Rule of Evidence 702. Finally, EMC moves to exclude the testimony of Peter Gostyla, the Tourist Bureau's adjuster, because his fee arrangement with EMC was based upon a contingency fee. For the following reasons, the motion will be denied in part and granted in part.

*Mary Nell Rion, Jim Henry, Jeff Kudla and Service Glass & Door, Inc., Representative*

EMC maintains that it is unnecessary to designate these witnesses as experts, and to do so could possibly create a substantial danger of undue prejudice because their testimony carries an "aura of special reliability and trustworthiness." The Tourist Bureau explains that although these witnesses were not hired for the purpose of testifying in the case, they do intend to elicit expert

opinions and facts from these witnesses based on the witnesses' observations and decisions while performing their job duties. The Tourist Bureau remarks that EMC has not challenged the qualifications of these witnesses.

The Tourist Bureau argues that these witnesses were hired to perform the work that is the subject of this lawsuit, and they have first hand personal knowledge of the facts. The Tourist Bureau maintains that even if these witnesses are not "experts," Federal Rule of Evidence 701 allows even non-experts to provide opinions which are rationally based on their perceptions. Even though these witnesses were not hired as experts to render a professional opinion, their testimony will assist the jury in understanding the evidence and determining the facts. However, they will not be designated as experts and allowed to testify as to causation.

*Buddy Fontenot*

EMC complains that Buddy Fontenot's testimony does not satisfy the requirements of Federal Rule of Evidence 702,[1] because it is neither relevant, nor reliable. EMC argues that Mr. Fontenot's testimony is not relevant because it is factual in nature and does not require an expert designation. EMC specifically complains of Mr. Fontenot's testimony regarding the procedures he used to allocate the cause of damages to either wind/rain, flood and/or extras. EMC asserts that Mr. Fontenot made these allocations after the flood waters had receded, and the repairs to the building

---

[1] F.R.E. 702 provides the following:
   If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

2

were either complete or almost complete. Thus, EMC argues that Mr. Fontenot's testimony cannot be reliable because the assumptions he made and the methodology he used were made over one year after the hurricane, and after demolition and repair had either already begun or in some cases had been completed.

The Tourist Bureau maintains that Mr. Fontenot's testimony is admissible because he was at the building on a daily basis, and he relied on first-hand knowledge and his experience as a contractor. The Tourist Bureau argues that Mr. Fontenot's expertise as a licensed contractor and as the contractor who performed the repairs and visited the site on a daily basis could help the jury understand the construction issues. The Tourist Bureau cites *Shadow Lake Management Co. v. Landmark American Ins. Co,*[2] which held that a witness with extensive experience in the construction industry could offer expert opinions based on his specialized knowledge, even though he had "not performed any sort of scientific methodology." We agree. As in *Shadow Lake,* any concerns EMC may have "are best resolved by vigorous cross-examination."[3]

*Peter Gostyla*

EMC maintains that Peter Gostyla should be excluded as a witness because when the Tourist Bureau hired him to negotiate with its insurers, Mr. Gostyla's payment was based on a contingency fee. Hence, EMC argues that because such an arrangement is prohibited by statute,[4] this witness should not be permitted to testify. In an *en banc* decision, the Fifth Circuit Court of Appeal held that

---

[2] 2008 WL 2510119 *3 (E.D. La. 2008).

[3] *Id.*

[4] La. R. S. 22:1210.13.

3

witnesses who receive a contingency fee should be allowed to testify.[5] EMC has failed to provide this Court with any law or rules of evidence that would bar Mr. Gostyla's testimony; hence, we find no merit to EMC's argument. Accordingly, it is

**ORDERED** that the motion in limine to exclude the expert testimony of Mary Nell rion, Jim Henry, Jeff Kudla, a Representative of Service Glass & Door, Inc., is hereby **GRANTED** to the extent that these witness will not be designated as experts or allowed to testify as to causation, otherwise the motion in limine is **DENIED**. The motion in limine to exclude the testimony of Buddy Fontenot and Peter Gostyla is hereby **DENIED**.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 24th day of September, 2008.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[5] *United States v. Cervantes-Pacheco*, 826 F.2d 310 (5th Cir. 1987), *cert. denied, Nelson v. U.S.* 484 U.S. 1026, 108 S.Ct. 749 (1988).