U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JAN - 7 2009

ROBERT H. SHEMWELL, CLERK
BY _____
    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SOUTHWEST LOUISIANA CONVENTION & VISITORS BUREAU | : | DOCKET NO. 06-2006 |
| VS. | : | JUDGE TRIMBLE |
| EMPLOYERS MUTUAL CASUALTY COMPANY | : | MAGISTRATE JUDGE KAY |

## ORDER

Before the Court is "Defendant's Motion in Limine-Evidence of Violation of La. R.S. 22:2214" (doc. #129) wherein the mover (EMC) seeks a ruling that would preclude Plaintiff from (1) submitting evidence of acts violative of La. R.S. 22:1214, (2) obtaining a jury instruction on La. R.S. 22:1214, and (3) making reference to, or argument concerning, La. R.S. 22:1214 and/or alleged violations thereof. EMC maintains that because La. R.S. 22:1214 does not provide a private cause of action, the Visitors Bureau cannot introduce evidence of any violations of the statute. EMC reminds the Court that we granted a partial motion to dismiss any action pursuant to La. R.S. 22:1214. EMC argues that because the Visitors Bureau failed to state a cause of action for violations of 22:1214, it cannot submit evidence of any violations of the statute.

The Visitors Bureau maintains that it is entitled to introduce circumstantial evidence to prove that EMC was arbitrary and capricious which includes evidence that EMC intentionally violated its statutory duties under La. R.S. 22:1214. The Visitors Bureau argues that the duties owed by an insurance company to its insured are enumerated in Section 1214– specifically referred to as unfair claims settlement practices. Some of the relevant obligations identified by the Insurance Code are

enumerated as follows:

> **(14) Unfair claims settlement practices.** Committing or performing with such frequency as to indicate a general businesses practice of any of the following:
>
> (a) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue.
>
> (b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.
>
> (c) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.
>
> (d) Refusing to pay claims without conducting a reasonable investigation based upon all available information.
>
> (e) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed.
>
> (f) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.
>
> (g) Compelling insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.
>
> * * *
>
> (m) Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.
>
> (n) Failing to promptly provide a reasonable explanation for the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

The Visitors Bureau asserts that EMC's willingness to act in violation of its known legal duties goes toward showing that it acted arbitrarily, capriciously, or without probable cause. The Visitors Bureau cites *French Market Plaza Corp. v. Sequoia Ins. Co.*,[1] which held that with regards to Louisiana Revised Statute 22:1213,[2] the "Insurance Code defines the obligation of an insurer in terms of such magnitude as to describe a legal duty to provide truthful, accurate information to

---

[1] 480 F.Supp. 821 (E.D. La. 1979)

[2] **Unfair methods and unfair or deceptive acts and practices prohibited**
No person shall engage in this state in any trade practice which is defined in this Part to be an unfair method of competition or an unfair or deceptive act or practice in the conduct of the business of insurance, including unauthorized insurance as provided in R.S. 22: 1249 et seq.

policyholders beyond whatever action the commissioner is empowered to take." Thus, the Visitors Bureau argues that any evidence of EMC's violation of Section 1214 should be admissible and chargeable to a jury. The Court agrees. Even though the statute does not create a private right of action, the Insurance Code provides the standards by which insurance companies must abide. The evidence of non-compliance of the standards are relevant and are to be considered by the jury in determining if the defendant actions were arbitrary and capricious. Accordingly, it is

**ORDERED** that the motion in limine to exclude evidence of violations of Louisiana Revised Statute 22:2214 is hereby **DENIED.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 6th day of January, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE