RECEIVED
IN ALEXANDRIA, LA.
JUN 2 2 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SOUTHWEST LOUISIANA CONVENTION AND VISITORS BUREAU | : | DOCKET NO. 06-2006 |
| VS. | : | JUDGE TRIMBLE |
| EMPLOYERS MUTUAL CASUALTY COMPANY | : | MAGISTRATE JUDGE KAY |

## ORDER

Before the Court is "Defendant's Motion in Limine to Exclude Certain Evidence and all Reference to Same at the Trial of this Matter" (doc. #128) wherein defendant, Employers Mutual Casualty Company ("EMC") seeks to exclude from the trial the following evidence: (1) communications between counsel, including letters regarding appraisal, including but not limited to counsel's September 25, 2007 letter, (2) motions to compel discovery and the Court's rulings on the same, (3) the setting of reserves and any changes thereto by EMC, and (4) references to punitive damages or damages to punish EMC.

In Defendant's initial motion in limine EMC sought to exclude Plaintiff's exhibits 3, 6, 19, 27, 28, 29, 30, 31, 35, 39, 43, 49, 50, 151, 160, 165, 240, and 246[1] as to the post-filing correspondence. As to the communications involving and between counsel pertaining to the appraisal process, EMC sought to exclude Plaintiff's exhibits 4, 7, 8, 11, 12, 13, 15, 19, 20, 22, 24, 25, 32, 33, 36, 38, 202, 203, 205, 207, and 243. EMC maintained that this is evidence of litigation

---

[1] EMC's reply brief, doc. #145, pp. 4-5.

conduct and strategy and is irrelevant and/or unduly prejudicial, therefore inadmissible.[2]

On January 14, 2009, the Court held a hearing regarding the instant motion in limine wherein the undersigned requested that the parties meet and discuss the specific documents that EMC seeks to exclude in an attempt to resolve the issues concerning their admissibility. On March 24, 2009, after having been informed that no attempt had been made to resolve the above mentioned issues, the undersigned ordered the parties to again meet and attempt to resolve all issues concerning the alleged privileged communications and advise the Court of the results within 60 days. On that same date, EMC supplemented its memorandum in support of the motion in limine and informed the Court that it has no objection to the submission by the Tourist Bureau of the following exhibits: 1, 4, 9, 14, 16, 17, 18, 21, 34, 42, 44, 84 and 143. However, EMC continues to object to Plaintiff's exhibits 3, 5, 6, 19, 151, 25, 27, 28, 29, 31, 32, 35, 39, 43, 49, 165, 240,[3] 41, 50, 15, 7, 243, 160, 36, and 246.

On April 6, 2009, the undersigned again ordered the parties to meet no later than April 27, 2009 to discuss which exhibits they consider to fall within the scope of attorney client privilege or those exhibits which are otherwise inadmissible, and further to provide the Court with a list of the specific exhibits that EMC continues to object to, as well as the specific factual and legal basis for counsel's position that the exhibit is or is not admissible. In response to the order, the parties have met and EMC continues to object to the following:(1) correspondence pertaining to discovery which

---

[2] Citing *Timberlake Const. Co. v. U.S. Fidelity and Guar. Co.,* 71 F.3d 335 (10th Cir. 1995); *Palmer v. Farmers Ins. Exchange,* 261 Mont. 91, 861 P.2d 895 (Mont. 1993); *International Surplus Lines Ins.Co. v. University of Wyoming Research Corp.,* 850 F.Supp. 1509 (D. Wyoming 1994).

[3] EMC notes that Plaintiff's Exhibits 49, 165 and 240 have already been ruled by the Court to be excluded.

2

includes Plaintiff's exhibits 3, 6, 19, 27, 28, 29, 30, 31, 35, 39, 43, 49, 50, 151, 160, 165, 240, 246, and (2) communications involving and between counsel pertaining to the appraisal process which include Plaintiff's exhibits 4, 7, 8, 11, 12, 13, 15, 19, 20, 22, 24, 25, 32, 33, 36, 38, 202, 203, 205, 207, and 243.

EMC argues that the attorney for the Tourist Bureau cannot make his case, or present evidence for his client by his own authored letters.[4] In excluding four letters from evidence, the United States Court of Appeal, Tenth Circuit held that:

> [a]part from the hearsay aspect and there is such a problem letters written after a breach and after a party has become aware that litigation is imminent are seldom received. They are characterized as self-serving and inadmissible.[5]

EMC further argues that a party's lawyer cannot make evidence for his client. In *Conley v. Johnson*,[6] the appeals court found it proper for the trial court to exclude a letter written by defendant's attorney to plaintiff which advised plaintiff of items of damage. The lower court considered the letter to be self-serving. The appellate court agreed with the lower court further considering that a witness could give testimony with respect to each item of damage claimed, thus the exclusion of the document could not result in prejudice.

EMC next argues that what a lawyer says is not evidence citing several Fifth Circuit Pattern

---

[4] *Golden West Const. Co. v. U.S. for Use and Benefit of Bernadot*, 304 F.2d 753 (10th Cir. 1962)("It is [] settled law that one may not make his case by pulling on his own evidentiary bootstraps); *Leach & Company, Inc., v. Pierson*, 275 U.S. 120, 48 S.Ct. 57 (1927)( a man cannot make evidence for himself by writing a letter containing the statements that he wishes to prove).

[5] *United Telecommunications, Inc. v. American Television & Communications Corp.*, 536 F.2d 1310, 1318 (10th Cir. 1976), citing *Stone v. Union Fire Ins. Co.*, 106 Colo. 522, 107 P.2d 241 (1940); *Farris v. Sturner*, 264 F.2d 537 (10th Cir. 1959).

[6] 98 So.2d 847 (La.App. 2 Cir. 1957).

3

Jury Instructions,[7] and the Louisiana Rule of Professional Conduct, Rule 3.7.

The Tourist Bureau maintains that statements made by EMC's attorney may be admissible under Federal Rule of Evidence 801(d)(2) because they are an admission by a party. Also citing *Gester v. Farmers Bros. Co.*,[8] the Tourist Bureau argues that statements made in a brief by an attorney either in arbitration or in the same action were admitted over the hearsay objections.[9] The Tourist Bureau further argues that a witness may be impeached by these documents for bias, interest, coercion, corruption, character, conduct, credibility, or inconsistency[10] and/or the documents may be used for rebuttal.

In *Hanson v. Waller*,[11] the court held that a letter from plaintiff's counsel to defendant's counsel was admissible as an admission by a party opponent, pursuant to Federal Rule of Evidence 801(d)(2)(C) because the rule "specifically excludes statements used against a party which were made by another person authorized by the party to make a statement concerning the subject, from the definition of hearsay. This provision has been applied to allow in evidence statements made by attorneys in a representational capacity."[12] The court reasoned that the letter was clearly related to

---

[7] Civil, 1.1 Preliminary Instructions and Civil, 3.1 General Instructions for Charge.

[8] 49 Fed.Appx. 785, 797 (10th Cir. 2002).

[9] See *Universal v. J-Chem.*, 946 F.2d 1131 (5th Cir. 1992); *City National v. USA*, 907 F.2d 536 (5th Cir. 1990); See also *Continental Cas. Co. v. US*, 308 F.2d 846 (5th Cir. 1962); *LaBelle v. McCauley*, 649 F.2d 46, 49 (1st Cir. 1981).

[10] 30(B) Fed. Prac. & Proc. Evid. § 7090.

[11] 888 F.2d 806, 814 (11th Cir. 1989).

[12] *Id.* at 814 citing *United States v. Ojala*, 544 F.2d 940, 946 (8th Cir. 1976); *Williams v. Union Carbide Co.*, 790 F.2d 552, 555-56 (6th Cir. 1986).

4

the management of the plaintiff's litigation and thus fell within the hearsay exclusion.

*Correspondence related to discovery disputes*

The Court has reviewed the law and the evidence and rules that any correspondence of counsel related to discovery disputes, motions to compel and/or other discovery issues will be excluded which include Plaintiff's exhibits 3, 6, 19, 27, 28, 29, 30, 31, 35, 39, 43, 49, 50, 151, 160, 165, 240 and 246.

*Correspondence related to the appraisal process*

As to the communications concerning the appraisal process, the Court further rules as follows as to EMC's objections to Plaintiff's exhibits:

(1) Exhibit 4, January 19, 2007 letter from Scott Scofield to Peter Gostyla- SUSTAINED – the letter is self-serving.

(2) Exhibit 7, June 19, 2007 letter from Scott Scofield to Bryan Homza - SUSTAINED in part and OVERRULED in part. The letter is admissible with the exception that the following language shall be redacted; "The Tourist Bureau's policy with EMC requires EMC to pay the full replacement costs, without depreciation, if we pay for the repair work, which we already have." The insurance policy itself is the best evidence of the terms of the policy.

(3) Exhibit 8, June 22, 2007 letter from Brian Homza to Scott J. Scofield -OVERRULED.

(4) Exhibit 11, June 25, 2007 letter from Brian Homza to Magistrate Judge Wilson - SUSTAINED – the policy itself is the best evidence for the terms of the policy.

(5) Exhibit 12, June 26, 2007 letter from Brian Homza to Bill Roeder - SUSTAINED – the document is irrelevant.

(6) Exhibit 13, June 26, 2007 letter from Scott Scofield to Gary Giles - SUSTAINED in part and

OVERRULED in part. The following language shall be redacted from the letter because it is counsel's self-serving opinion; "For reasons we will provide Thursday, we do not believe the appraisal should go forward and will be attending under protest."

(7) Exhibit 15, June 29, 2007 letter from Terry Donovan to Gary Giles. SUSTAINED- this evidence can be presented through a live witness.

(8) Exhibit 19, August 9, 2007 letter from Scott Scofield to Brian Homza. SUSTAINED - the letter contains counsel's self-serving statements.

(9) Exhibit 20, August 29, 2007 chain of e-mails between William Roeder, Chuck Herrold, and Brian Homza. SUSTAINED – these communications are part of counsel's litigations strategy and are protected under the attorney client privilege.

(10) Exhibit 22, September 21, 2007 letter from Scott Scofield to Peter Gostyla. SUSTAINED - the letter contains counsel's self-serving statements.

(11) Exhibit 24, September 25, 2007 letter from Brian Homza to Scott Scofield. SUSTAINED - the letter contains counsel's legal opinion which is not relevant. The policy is the best evidence for the terms of the appraisal process.

(12) Exhibit 25, October 1, 2007 letter from Scott Scofield to Brian Homza. SUSTAINED - the letter contains hearsay and self-serving statements of counsel.

(13) Exhibit 32, October 29, 2007 letter from Scott Scofield to Brian Homza. SUSTAINED - the letter contains self-serving statements and opinions of counsel.

(14) Exhibit 33, September 27, 2007 letter from Scott Scofield to Brian Homza. SUSTAINED - the letter contains hearsay and self-serving statements of counsel.

(15) Exhibit 36, September 25, 2007 letter from Brian Homza to Scott Scofield. SUSTAINED - the

letter is irrelevant.

(16) Exhibit 38, March 3, 2008 letter from Brian Homza to Scott Scofield. SUSTAINED – the letter contains the legal opinion of counsel as well as litigation strategy.

(17) Exhibit 202, June 22, 2007 letter from Brian Homza to Scott Scofield. OVERRULED.

(18) Exhibit 203, June 26, 2006 letter from Brian Homza to Bill Roeder. SUSTAINED – the document is irrelevant.

(19) Exhibit 205, August 29, 2007 e-mail from Brian Homza to Chuck Herrold. SUSTAINED – the communications are part of counsel's litigations strategy and are protected under the attorney client privilege.

(20) Exhibit 207, September 25, 2007 letter from Brian Homza to Scott Scofield. SUSTAINED – the letter contains the legal opinions of counsel. The policy itself is the best evidence of its terms.

(21) Exhibit 243, June 19, 2007 letter from Scott Scofield to Brian Homza. SUSTAINED in part and OVERRULED in part, the letter is admissible with the exception that the following language shall be redacted: "The Tourist Bureau's policy with EMC requires EMC to pay the full replacement costs, without depreciation, if we pay for the repair work, which we already have." The insurance policy itself is the best evidence of the terms of the policy.

*Evidence of reserves*

EMC also seeks to exclude evidence of and reference to the setting of reserves and any changes thereto. The Tourist Bureau argues that EMC's setting of reserves is relevant to its state of mind in relation to its claims settlement practices and the Tourist Bureau's claim of bad faith conduct citing *First National Bank of Louisville v. Lustig*.[13] In *Lustig*, the court reasoned that bad faith,

---

[13] 1993 WL 411377 (E.D. La. 1993).

being a state of mind, must be established by circumstantial evidence. Thus, the defendant's actions with respect to the reserve information is relevant.[14]

EMC argues that the reserve information is inadmissable citing *Molony v. USAA Property and Cas. Ins. Co.*[15] In *Molony*, the trial court allowed the reserve information in, however, in reversing the award of penalties and attorney fees, the appellate court held that "to the extent the trial judge relied on a comparison between [the insurer's] reserve estimate and the amount tendered, that reliance was error." The court further ruled that a "reserve does not mean 'the amount over which reasonable minds could not differ', " and that a "reserve" does not equate with the "undisputed amount."[16]

In their reply brief, EMC writes the following:

> In granting a motion in limine baring any testimony relating to the reserve amount, the Molony court stated, "this Court does not equate 'reserve' with 'undisputed amount.' To that end, the Court finds that it would be overly prejudicial and confusing to a jury with respect to a bad faith claim to allow testimony concerning the specific amounts reserved." Molony at *12.[17]

This Court has read the *Molony* case and cannot find the above mentioned quote cited by EMC on page 12 of the *Malony* opinion or anywhere else in the opinion. A motion in limine was not being addressed by the court, and the reserve information was not excluded as evidence. The holding of the court was that the reasonableness of an insurer's tender of payment and the insurer's liability for bad faith are not gauged by simply comparing a tender of payment with reserves, but are

---

[14] *Id.*

[15] 708 So.2d 1220 (La.App. 4 Cir. 1998).

[16] *Id.* at 1226.

[17] EMC reply brief, p. 27 (doc. #143).

8

determined by consideration of facts known to the insurer prior to trial and by consideration of the question of whether reasonable minds can differ on the amount that is due in light of those facts.[18]

The court however will not rely on the *Malony* case in making our determination, and counsel is cautioned regarding misquoting holdings in cases. Reserves are put up based on what a company feels its liability may be based on a formula used by the company. The court is not aware of the details of that formula, but the court feels strongly that it should not be admissible against a company in a suit to determine the amount of actual loss, any more than a plaintiff's offer to settle a case for an amount significantly less than the amount they argue for during the trial. Accordingly, the Court will sustain the motion to exclude evidence of reserves.

*Punitive damages and financial records*

EMC moves to exclude any reference to punitive damages or awarding punitive damages to punish EMC. EMC further moves to exclude the financial condition, net worth, wealth, overall profits, income, assets, or revenues of the company. The Court rules that a company's financial wealth is irrelevant in determining if it acted in bad faith, however, the Court disagrees with EMC's argument that Louisiana's bad faith statutes, Louisiana Revised Statutes 22:1220 and 22:658, are not are not punitive. The statutes themselves are penal in nature However, because of their lack or relevance, the motion to exclude evidence of financial records will be sustained.

**IT IS ORDERED** that the motion in limine shall be **GRANTED** in part and **DENIED** in part as follows:

The motion to exclude

(1) correspondence related to discovery is SUSTAINED;

---

[18] *Malony, supra.*

(2) Plaintiff's exhibit 4, January 19, 2007 letter from Scott Scofield to Peter Gostyla – SUSTAINED;

(3) Plaintiff's Exhibit 7, January 19, 2007 letter from Scott Scofield to Bryan Homza – SUSTAINED in part and OVERRULED in part. The letter is admissible except that the following language shall be redacted: "The Tourist Bureau's policy with EMC requires EMC to pay the full replaceemnt costs, without depreciation, if we pay for the repair work, which we already have.";

(4) Plaintiff's exhibit 8, June 22, 2007 letter from Brian Homza to Scott Scofield – OVERRULED;

(5) Plaintiff's exhibit 11, June 25, 2007 letter from Brian Homza to Magistrate Judge Wilson – SUSTAINED;

(6) Plaintiff's exhibit 12, June 26, 2007 letter from Brian Homza to Bill Roeder – SUSTAINED;

(7) Plaintiff's exhibit 13, June 26, 2007 letter from Scott Scofield to Gary Giles – SUSTAINED in part and OVERRULED in part. The following language shall be redacted from the letter; "For reasons we will provide Thursday, we do not believe the appraisal should go forward and will be attending under protest.";

(8) Plaintiff's exhibit 15, June 29, 2007 letter from Terry Donovan to Gary Giles – SUSTAINED;

(9) Plaintiff's exhibit 19, August 9, 2007 letter from Scott Scofield to Brian Homza – SUSTAINED;

(10) Plaintiff's exhibit 20, August 29, 2007 chain of e-mails between William Roder, Chuck Heeold, and Brian Homza – SUSTAINED;

(11) Plaintiff's exhibit 22, September 21, 2007 letter from Brian Homza to Scott Scofield – SUSTAINED;

(12) Plaintiff's exhibit 24, September 25, 2007 letter from Bryan Homza to Scott Scofield – SUSTAINED;

(13) Plaintiff's exhibit 25, October 1, 2007 letter from Scott Scofield to Brian Homza –

SUSTAINED;

(14) Plaintiff's exhibit 32, October 29, 2007 letter from Scott Scofield to Brian Homza – SUSTAINED;

(15) Plaintiff's exhibit 33, September 27, 2007 letter from Scott Scofield to Brian Homza – SUSTAINED;

(16) Plaintiff's exhibit 36, September 25, 2007 letter from Brian Homza to Scott Scofield – SUSTAINED;

(17) Plaintiff's exhibit 38, March 3, 2008 letter from Brian homza to Scott Scofield – SUSTAINED;

(18) Plaintiff's exhibit 202, June 22, 2007 letter from Brian Homza to Scott Scofield – OVERRULED;

(19) Plaintiff's exhibit 203, June 26, 2007 letter from Brian Homza to Bill Roeder– SUSTAINED;

(20) Plaintiff's exhibit 205, August 29, 2007 e-mail from Brian Homza to Chuck Herrold – SUSTAINED;

(21) Plaintiff's exhibit 207, September 25, 2007 letter from Brian Homza to Scott Scofield – SUSTAINED;

(22) Plaintiff's exhibit 243, June 19, 2007 letter from Scott Scofield to Brian Homza – SUSTAINED in part and OVERRULED in part. The letter is admissible except that the following language shall be redacted: "The Tourist Bureau's policy with EMC required EMC to pay the full replacement costs, without depreciation, if we pay for the repair work, which we already have."

(23) any evidence of reserve amounts and/or changes in reserves – SUSTAINED;

(24) any evidence of the financial condition, net worth, wealth, overall profits, income, assets, or revenues of EMC – SUSTAINED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 22nd day of June, 2009.

                                                                                 JAMES T. TRIMBLE, JR.
                                                                                 UNITED STATES DISTRICT JUDGE